UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rose Marie Sampson, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>Petaluma Police Department, et al.,<br><br>    Defendants.<br>_____/ | No. C 07-1764 JL<br><br><br>**ORDER GRANTING DISMISSAL<br>and DENYING MOTION TO REMAND<br>(Docket # 4)** |

**Introduction**

The Summons and First Amended Complaint in this case were filed in Sonoma County Superior Court on February 1, 2007 and served on the City of Petaluma and the individual police officer defendants ("City Defendants") on February 20. The City of Petaluma filed an Answer in Sonoma County Superior Court and a Notice of Removal in this district on March 28, in which the County of Sonoma and related Defendants ("County Defendants") joined. Venue is proper in this district as the occurrences of which Plaintiffs complain took place within the Northern District of California.

This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331. Plaintiffs allege violations of their rights under 42 U.S.C. §1983. Plaintiffs also assert claims under California law arising from the same transactions. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiffs' claims under California law, as

they are so closely related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

The City of Petaluma and the individual City employees ("City Defendants"), the County of Sonoma ("County Defendants") and Plaintiffs Tony Avila Sampson and Rose Marie Sampson (Plaintiff Tony Sampson's mother) consented to the jurisdiction of this Court as provided by 28 U.S.C. §636(c) and Civil Local Rule 73.

Defendants City of Petaluma and County of Sonoma (sued as the Sonoma County Main Adult Detention Facility and Sonoma County Sheriff's Department) ("County Defendants") removed this action from Sonoma County Superior Court, representing that "All other defendants to the removable claim, Eighth Cause of Action - Deprivation of Civil Rights pursuant to 42 U.S.C. §1983 and who have been served with a summons and complaint join in the Notice of Removal as evidenced by the Joinder of Defendant County of Sonoma (also erroneously sued herein as Sonoma County Main Adult Detention Facility and Sonoma County Sheriff's Department) filed concurrently herewith. The remaining party to the removable claim is California Forensic Medical Group, Inc., which to the best of the undersigned's knowledge has not yet been served with process." (Notice of Removal at page 2)

Other defendants to Plaintiffs' claims under California law include American Tow Service and the "Safeway Defendants": Safeway, Inc., Safeway Store # 0796 and Alan Wayne Pettit, the store manager.

The County of Sonoma's motion to dismiss the First and Eighth Causes of Action and the complaint of Plaintiff Rose Marie Sampson came on for hearing before this Court. Plaintiffs in their Opposition asked the Court to remand the case to Sonoma County Superior Court. This motion to remand was timely, having been filed on April 17. Defendants had filed their notice of removal on March 28. 28 U.S.C. §1447(c).

Plaintiffs appeared *pro se.* Bonnie Freeman, SENNEFF FREEMAN & BLUESTONE, LLP, appeared for the County Defendants. The Court at the hearing ordered Plaintiffs to submit further briefing on their opposition to the motion to dismiss within five days after the

hearing and for Defendants to respond within two days after receipt of Plaintiffs' briefs. Both parties filed their briefs with this Court following the hearing.

**Removal**

All Defendants must join in removal of a state court action to federal court ("rule of unanimity") *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986). If removal of a case from state court is based on supplemental jurisdiction, all Defendants must join and removal must take place within thirty days of service of process on any defendant. *Parrino v. FHP, Inc.,* 146 F.3d 699, 703 (9th Cir. 1998). An exception would be a defendant not served in the state court action. In this case, it is unclear whether Forensic Medical Services, a defendant to the Eighth Cause of Action, the federal civil rights claim, was served. Another exception would be if the removed claim were separate and independent of one or more of the nonremovable claims. In that instance only the defendant to the removable claim need join. In the case at bar, Plaintiffs' Eighth Cause of Action, for deprivation of civil rights pursuant to 42 U.S.C. §1983, is transactionally related and in fact incorporates in its recital the previous allegations of the other causes of action in Plaintiffs' complaint. It is therefore not separate and independent of any of the nonremovable claims.

None of the Defendants to the state law claims joined in the removal.

The burden is on the removing defendants to explain the absence of other defendants. *Prize Frize, Inc. v. Matrix (U.S.), Inc.,* 167 F.3d 1261, 1266 (9th Cir. 1999) Absent such explanation, the removal notice is "facially deficient" and the defect must be cured within thirty days to avoid remand. Since more than thirty days have elapsed since the removal, if the absence of the other defendants cannot be adequately explained, this case must be remanded for improper removal.

Those who do not sign the written notice of removal should have submitted a written form of joinder by which they agree to the action taken on their behalf. *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994). It is insufficient merely to say that co-defendants do not object to removal. *Ogletree v. Barnes*, 851 F.Supp. 184, 188 (E.D. Pa. 1994)

Given that all claims in this case are potentially removable, since the state law claims are subject to this Court's supplemental jurisdiction, then the removing Defendants, (the City Defendants and the County Defendants), have the burden of explaining or justifying the absence of the other defendants from the removal of this action.

The Court ordered the City Defendants and the County Defendants to explain the absence of the other defendants or otherwise show cause why this case should not be remanded to state court. Defendants filed their pleading on time, despite their not having received the Court's order. Investigation revealed an erroneous e-mail address for the City's defense counsel. Plaintiffs responded within one week after receiving Defendants' filing. The Court decided not to hear oral argument, as provided by Civil Local Rule 7-1(b).

Counsel for American Tow Service and Safeway filed declarations that their clients had not been served and were not making a general appearance in this case. Plaintiff Tony Sampson objected by letter (Docket # 25) that the Declaration of John Dahlberg, counsel for Safeway, was not filed under penalty of perjury. Mr. Dahlberg filed a supplemental declaration (Docket # 26), under penalty of perjury, reiterating his earlier statement and clarifying that counsel for the City of Petaluma had signed the former declaration on his behalf. The Court finds the declaration to be sufficient. California Forensic Medical Group filed a joinder in the removal. Accordingly, the Court finds that all Defendants which have been served with the Summons and Complaint have joined in the removal. The Court now proceeds to consider Defendants' motion to dismiss.

**Factual Background**

Plaintiff Tony Avila Sampson was arrested on February 2, 2006 with two other men after they drove away from the parking lot of a Petaluma Safeway grocery store, where they had been observed allegedly transferring unbagged items from a grocery cart into Plaintiff Rose Marie Sampson's 1991 Pontiac Trans Am. Tony Sampson was arrested and booked into the Sonoma County Main Adult Detention Facility, where he was confined until February 5. At the time of his arrest his cigarettes were confiscated and part of his complaint is that he was "denied any kind of medical aid or relief from the symptoms of

nicotine withdrawal. . ." during his incarceration. On June 12th the case against him was dismissed (SCR-481236). In the interim a newspaper article about his arrest had appeared in the *Petaluma Argus-Courier*.

Rose Marie Sampson filed a claim and notice of intention to sue for damages with the Clerk of the City of Petaluma on February 27, 2006, which was denied March 17. Tony Sampson filed his claim with the City of Petaluma on July 31, 2006 and it was denied August 7. Tony Sampson filed his claim with the County of Sonoma Board of Supervisors on July 25, 2006 and it was denied September 27.

Tony Sampson sues the City Defendants, the County Defendants and California Forensic Medical Services on the following causes of action under California law:

1. False arrest/false imprisonment,
2. Abuse of process,
3. Slander.

Plaintiff Rose Marie Sampson sues the City Defendants and American Tow Service on the Fourth Cause of Action under California law for conversion, for the loss of use of her vehicle, which was impounded from February 2, when Tony was arrested, until February 5, when he was released. She alleges she had to pay the Petaluma Police Department $105.00 to release the vehicle and the towing company $160.00 for tow and storage fees.

Rose Marie Sampson also sues the City Defendants on the Fifth Cause of Action, under California law, for denial of state due process, based on their denial of her request for a post-storage hearing.

Both Plaintiffs sue Safeway, Inc., Safeway Store # 0796 and Alan Wayne Pettit, the manager of this store ("Safeway Defendants") on the Sixth Cause of Action, under California law, for negligent security operations.

Both Plaintiffs sue the City Defendants and the Safeway Defendants on the Seventh Cause of Action, under California law, for items improperly removed from the Pontiac vehicle.

Both Plaintiffs sue the City Defendants, the County Defendants and Forensic Medical Group on the Eighth Cause of Action, under federal law, for deprivation of civil rights pursuant to 42 U.S.C. §1983.

**Analysis**

The County of Sonoma (also erroneously sued as the Sonoma County Sheriff's Department and the Sonoma County Main Adult Detention Facility [MADF] ) seeks dismissal of the only two causes of action alleged against it by Plaintiffs: the First and Eighth Causes of Action. The County contends that the only conduct alleged to have occurred that involved the County is the acceptance of Plaintiff Tony Sampson for booking into the MADF and the confiscation of his cigarettes while he was incarcerated. Consequently, the County argues, there is no legally cognizable injury for which the County could be liable, as a matter of law under either the First or Eighth Causes of Action, for false arrest and violation of civil rights, respectively.

The County of Sonoma contends that Plaintiff's complaint against it should be dismissed because its only involvement in Plaintiff's troubles was as the operator of the Main Adult Detention Facility (MADF). The only conduct that occurred under its auspices was the alleged deprivation of medical care, by not providing Plaintiff with a nicotine patch for his withdrawal after his cigarettes were confiscated. Plaintiff was in jail for two and a half days without cigarettes. He doesn't specify in his complaint what negative effects he suffered without his cigarettes.

Plaintiff Rose Sampson makes no allegations against the County and on that basis the County asks that it be dismissed from her complaint.

Defendants remind the Court that in order to state a cause of action under 42 U.S.C. §1983, a plaintiff must show "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right." *Rinker v Napa County*, 831 F.2d 829, 831 (9th Cir. 1987) *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). A dismissal under Rule 12(b) can

be based on either "the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." (*Balisteri, supra*, 901 F.2d at 699). There is no *respondeat superior* liability in a §1983 action. (*See Monell v. Department of Social Services of City of New York,* 436 U.S. 658 (1978). Plaintiffs fail to allege a policy which would trigger responsibility of the County for actions of its employees which allegedly violated Plaintiffs' civil rights.

The County contends that Plaintiffs fail to allege any facts which, if true, would establish a violation of the constitutional rights of either Tony or Rose Sampson. Removing "nicotine products" (cigarettes) upon booking does not violate Tony Sampson's constitutional rights, according to the County; there is no recognized constitutional right to use cigarettes or any other nicotine products. Rose Sampson alleges no acts by County that affect her. Accordingly the County asks this Court to dismiss the Eighth Cause of Action as to the County.

The County claims that Plaintiff's allegations, even if true, do not on their face establish a false arrest or false imprisonment by the County. "Booking is a ministerial function and is not part of the arrest process." *People v. Superior Court* (1973) 35 Cal.App.3d 1,6; *People v. Duke* (1969) 276 Cal. App. 2d 630,634. If the Court finds no predicate upon which to base a false arrest or imprisonment cause of action against the County, then the Court should also dismiss the County from the First Cause of Action. The Court finds that the County was fulfilling a purely ministerial function and could not be liable for false arrest or false imprisonment.

## Conclusion on Motion to Dismiss

For all the above reasons, the County of Sonoma's motion to dismiss is granted, as to Plaintiffs' First and Eighth Causes of Action and the complaint of Plaintiff Rose Marie Sampson.

## Plaintiffs' Motion to Remand

Plaintiffs argue for remand to state court for Defendants' failure to allege the minimum amount in controversy of $75,000. The amount in controversy is not at issue, because this case alleges violations of Plaintiffs Tony and Rose Marie Sampson's civil

rights, a basis for original jurisdiction as a federal question. The amount in controversy is only required to be more than $75,000 in a case where jurisdiction rests on the diversity of citizenship of the parties. That is not the situation here.

Plaintiffs also rely on California Government Code §895.6 for the proposition that the County must share liability with the City of Petaluma for the false arrest and imprisonment by the City. The Government Code section they cite provides for sharing of payment when several government agencies are signatories to an agreement settling a claim by a citizen. It has nothing to do with joint and several liability or any other principle pertinent to this case. Accordingly, Plaintiffs' motion to remand is denied.

IT IS SO ORDERED.

July 5, 2007

_____
James Larson
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIVIL\07-1764\Ord-4.wpd