UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rose Marie Sampson, et al., | No. C 07-1764 JL |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ON CLAIM 8 OF THE FIRST AMENDED COMPLAINT AND REMANDING ALL REMAINING CLAIMS TO STATE COURT** |
| v. | |
| Petaluma Police Department, et al., | |
| Defendants. | |

**Introduction**

Defendants filed a Notice of Removal of this action from the County of Sonoma Superior Court on March 28, 2007. The case was assigned at filing to the undersigned, and the Court found removal was proper. All parties consented to the jurisdiction of the this Court as provided by Civil Local Rule 73 and 28 U.S.C. § 636(c).

**Procedural Background**

Plaintiffs filed a civil complaint in state court following Tony Sampson's arrest for alleged burglary. Plaintiffs alleged a number of state law claims and an express allegation of a civil rights violation. Following removal to this Court, Defendants moved for a judgment on the pleadings for the eighth cause of action in the First Amended Complaint, the sole civil rights claim and sole federal cause of action.

## I. Legal Standard

### Motion for a Judgment on the Pleadings

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. Proc. 12(c). Pleadings are "closed" when all permitted or required pleadings have been served and filed. Rules 12(b)(6) and 12(c) are substantially identical. *See William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 9:319*. Under either provision, a court must determine whether the facts alleged in the complaint, to be taken for these purposes as true, entitle the plaintiff to a legal remedy. *Id.* "[A] judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999). If the complaint fails to articulate a legally sufficient claim, the complaint should be dismissed or judgment granted on the pleadings. *Strigliabotti v. Franklin Resources, Inc.*, 398 F.Supp. 2d 1094, 1097 (N.D. Cal. 2005).

While Rule 12(c) of the Federal Rules of Civil Procedure does not expressly provide for partial judgment on the pleadings, neither does it bar such a ruling; it is common to apply Rule 12(c) to individual causes of action. *Moran v. Peralta Community College Dist.*, 825 F.Supp. 891, 893 (N.D.Cal.1993); Schwarzer et al., § 9:340 (1997) (common practice to permit "partial judgment on the pleadings").

## II. Legal Analysis

### Eighth Cause of Action, 42 U.S.C. § 1983

**A. The stop and arrest of Mr. Sampson were supported by reasonable suspicion and probable cause.**

The constitutional issue before this Court is whether Mr. Sampson's allegations are sufficient to sustain this claim for a Fourth Amendment violation: specifically, if the arrest of Plaintiff was warranted by probable cause. To detain and then arrest Mr. Sampson the

police officer must have had a reasonable suspicion that evolved into probable cause. To establish reasonable suspicion sufficient to justify a stop, the police officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*, 392 U.S. 1 (1968). It is the Court's job to evaluate those facts and inferences using an objective standard. *Id.* Probable cause to arrest depends upon whether, "at the moment the arrest was made... facts and circumstances within (the arresting officers') knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the (suspect) had committed or was committing an offense." *Adams v. Williams*, 407 U.S. 143, 148 (1972), quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964).

Defendants cite *Miller v. United States*, where the U.S. Supreme Court held that in the absence of applicable federal law, the lawfulness of an arrest without a warrant is to be determined by reference to state law. 357 U.S. 301, 305 (1958). California law permits a police officer to make an arrest without a warrant when the officer has probable cause to believe that the person has committed a felony, "whether or not a felony, in fact has been committed." Cal. Penal Code § 836. Under California Penal Code § 459 any person who enters a store "with intent to commit grand or petit larceny or any felony" is guilty of burglary. Burglary of a store is a "second degree" burglary (Pen. Code §460(b)), and because of the possible imprisonment in state prison it is a felony. (*See* Pen. Code § 17(a): "A felony is a crime that is punishable with death or by imprisonment in the state prison."). In addition, it is a felony to receive stolen property. Pen. Code §496(a).

Defendants also cite Ninth Circuit law for the proposition that "flight to escape apprehension has long been recognized as a significant indicator of consciousness of guilt." (*Id.* at 13, citing *U.S. v. Silverman*, 861 F.2d 571, 582 fn. 4 (9th Cir. 1984)). In addition, the Court in *Maryland v. Pringle*, held that "a car passenger... will often be engaged in a common enterprise with the driver, and have the same interest in concealing the fruits or the evidence of their wrongdoing." 540 U.S. 366, 372 (2003).

The police reports attached to the First Amended Complaint ("FAC") provide the articulable facts that gave rise to the reasonable suspicion to initiate the stop and the probable cause to arrest. (FAC, Officer Shoemaker's Report). Officer Shoemaker observed three men in a Safeway parking lot transferring groceries that had not been bagged from a grocery cart to the back of a maroon Pontiac. She believed that due to the amount of un-bagged groceries, the men had stolen them. She then saw the men get into the Pontiac and drive off. This was reported to the Petaluma Police Dispatch. Two officers, Gilman and Novello, in separate marked patrol cars, received the information that a theft had occurred from Safeway and were given the vehicle description, license plate number, and approximate location. Officer Shoemaker also followed the Pontiac and was present to verify the information given over the dispatch. These were the specific and articulable facts that formed a reasonable suspicion for the stop. Reasonable suspicion was established pursuant to *Terry v. Ohio*. That case involved a man pacing in front of a building. 392 U.S. 1. Here, the men were seen loading un-bagged groceries into a vehicle. Both situations involved specific and articulable facts that the officer can point to in establishing a reasonable suspicion of criminal activity. Defendants rely, justifiably, on the facts to sustain this conclusion.

Plaintiff Sampson contends that Officer Shoemaker's report is inaccurate. Mr. Sampson avers that he never left the vehicle and therefore was not helping the other two men load the groceries into the Pontiac. If this is indeed true, that two as opposed to three men were seen loading un-bagged groceries into the vehicle, it does not change the outcome of the analysis. The reasonable suspicion to initiate the stop is still supported by the specific and articulable facts. *(See Maryland v. Pringle, supra*, 540 U.S. at 372).

Once the car was stopped, the right front passenger, Mr. Kee, bolted from the car and Officer Novello gave chase. Officer Novello apprehended the man, found him to be a parolee in possession of knives, and arrested him. Here, Defendants rely on the articulable facts that gave rise to reasonable suspicion, and specifically this attempted flight to establish probable cause. The men in the Pontiac were suspected of having committed a

burglary (which may alone have justified probable cause). The flight of suspect Kee from the vehicle served to escalate, and arguably confirm, the officers' suspicions involving all occupants of the vehicle. When the right front passenger fled the vehicle, the officers' reasonable suspicions became probable cause that a crime had been committed and that the men inside the vehicle had committed it. Thus, the officers had probable cause to arrest Mr. Sampson.

**B. It was proper to tow the vehicle following the arrest of all three occupants.**

The remaining claim in the eighth cause of action is based on the towing of the vehicle following the arrest of the occupants. In *Hupp v. City of Walnut Creek*, the court held that once the occupants of a vehicle have been arrested it is proper for the police to have the vehicle towed. 389 F.Supp. 2d 1229, 1233 (N.D. Cal., 2005). Mr. Sampson's arguments to the contrary are not supported by the law. Towing the vehicle in these circumstances was proper even if the vehicle was parked on a public street. With regard to this issue, the facts in this case are analogous to those in *Hupp*. Thus, it was proper for the police to have the Pontiac towed after all occupants had been arrested and taken to the police station.

### III. Remand remaining claims to state court

Since the parties have not engaged in discovery, any remaining state claims are appropriately remanded to the County of Sonoma Superior Court. All remaining claims are state law claims. (1) First cause of action, False arrest and Imprisonment; (2) Second cause of action, Abuse of Process; (3) Third cause of action, Slander; (4) Fourth cause of action, Conversion; (5) Fifth cause of action, Denial of state Due Process; (6) Sixth cause of action, Negligent security operations of Safeway Store #0796; (7) Seventh cause of action, Items improperly removed from Pontiac vehicle.

Defendants raise two issues that are not pertinent to this motion; the tow-hearing and defamation. Neither of these issues are properly raised in the eighth cause of action, the subject of the motion for judgement on the pleadings. The hearing regarding the validity of towing and storage of Plaintiff's vehicle is raised in the fifth cause of action.

(FAC, p.21 "Fifth Cause of Action, Denial of State Due Process").  Plaintiff's claim of defamation is the third cause of action.  (FAC p.16, "Third Cause of Action, Slander").  These claims and the other state claims listed above, are remanded to the County of Sonoma Superior Court.

IT IS SO ORDERED.

DATED: April  4, 2008

_____
James Larson
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIVIL\07-1764\Order re 12c and remand.wpd